PATRICK B. BRYAN
Senior Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C.  20044-7611
(202) 616-8299

ALEX SILAGI
Assistant United States Attorney
United States Attorney's Office, District of New Jersey
970 Broad Street, Ste. 700
Newark, New Jersey 07102
(973) 353-6001

*Counsel for Plaintiff United States of America*

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

By:  GARY W. WOLF II
Deputy Attorney General
(609) 376-2735

*Counsel for Plaintiffs New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA;<br>NEW JERSEY DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION; THE<br>COMMISSIONER OF THE NEW JERSEY<br>DEPARTMENT OF ENVIRONMENTAL<br>PROTECTION;<br>and ADMINISTRATOR, NEW JERSEY SPILL<br>COMPENSATION FUND<br><br>    Plaintiffs,<br><br>    v.<br><br>BANK OF AMERICA, NATIONAL<br>ASSOCIATION<br><br>    Defendant. | Civil Action No. _____ |

# **COMPLAINT**

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorney, acting at the request of the United States Environmental Protection Agency ("EPA"), the New Jersey Department of Environmental Protection ("NJDEP"), the Commissioner of the New Jersey Department of Environmental Protection ("Commissioner"), and the Administrator of the New Jersey Spill Compensation Fund ("Administrator"), by

2

and through the New Jersey Attorney General, file this complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action brought under Sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. §§ 9606 and 9607, and the New Jersey Spill Compensation and Control Act, N.J.S.A. 58:10-23.11 to -23.24.

2. The United States seeks injunctive relief and recovery of costs incurred in response to releases and threatened releases of hazardous substances into the environment at or from the White Swan Cleaners/Sun Cleaners Area Ground Water Contamination Superfund Site ("Site"), located in Wall Township, Manasquan Borough, and Manasquan Borough, Monmouth County, New Jersey.

3. NJDEP and the Administrator seek certain injunctive relief and the reimbursement of costs they have incurred and will incur for the discharge of hazardous substances at the Site. NJDEP and the Commissioner also seek to recover the damages, including reasonable assessment costs, the State has incurred, and will incur, for the injury to, destruction of, or loss of any natural resources under the State's trusteeship resulting from the release of hazardous substances at the former White Swan Laundry and Cleaners property.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action and over the parties under 28 U.S.C. §§ 1331 and 1345, and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b).

5. Venue is proper in this judicial district under Section 113(b) of CERCLA, 42 U.S.C. § 9613(b) and 28 U.S.C. § 1391(b), because the releases or threatened releases of hazardous substances that gave rise to this complaint occurred in this district, and because the Site is located in this district.

## THE PARTIES

6. The United States is authorized to seek costs of removal or remedial action, as well as injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility. 42 U.S.C. §§ 9606(a), 9607(a).

7. NJDEP is a principal department within the Executive Branch of the State of New Jersey, vested with authority to conserve and protect natural resources, protect the environment, prevent pollution, and protect the public health and safety. N.J.S.A. 13:1D-9. The State is the trustee, for the benefit of its citizens, of all natural resources within its jurisdiction and for which NJDEP is vested with authority, as trustee, to protect and seek compensation for any injury to

the natural resources of New Jersey. N.J.S.A. 58:10-23.11a. The "natural resources" of this State are all land, fish, shellfish, wildlife, biota, air, water and other such resources owned, managed, held in trust, or otherwise controlled by the State. N.J.S.A. 58:10-23.11b.

8. The Commissioner is the Commissioner of NJDEP. N.J.S.A. 58:10-23.11b. and N.J.S.A. 58:10A-3. In this capacity, the Commissioner is vested by law with various powers and authority, including those conferred by NJDEP's enabling legislation, N.J.S.A. 13:1D-1 through -19.

9. The Administrator is the chief executive officer or the New Jersey Spill Compensation Fund (the "Spill Fund"). N.J.S.A. 58:10-23.11j. As chief executive officer of the Spill Fund, the Administrator is authorized to approve and pay any cleanup and removal costs Plaintiff NJDEP incurs, N.J.S.A. 58:10-23.11f.c & d., and to certify the amount of any claim to be paid from the Spill Fund, N.J.S.A. 58:10-23-11j.d.

10. Defendant Bank of America, National Association ("Bank of America") is incorporated in the state of Delaware with a principal place of business in Charlotte, North Carolina.

11. Bank of America is a "person" as defined in Section 101 (21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY FRAMEWORK

12. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants, and for funding the costs of such abatement and related enforcement activities, which are known as "response" actions, 42 U.S.C. §§ 9604(a), 9601(25).

13. Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1), provides:

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deem necessary to protect the public health or welfare or the environment.

14. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1) the owner and operator of a vessel or a facility, [and]

>  (2)  any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> \*   \*   \*
>
> shall be liable for –
>
>  (A)  all costs of removal or remedial action incurred by the United States Government . . . not inconsistent with the National Contingency Plan . . .

15. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), the United States is also authorized to seek injunctive relief necessary to abate the imminent and substantial endangerment to the public health or welfare, or the environment, that may result from an actual or threatened release of a hazardous substance at or from a facility.

16. The New Jersey Spill Compensation and Control Act states that any person who discharges a hazardous substance, or is in any way responsible for any hazardous substance that is discharged, shall be liable, jointly and severally, without regard for fault, for all cleanup and removal costs no matter by whom incurred. N.J.S.A. 58:10-23.11g(c).

17. Dischargers of hazardous substances and persons in any way responsible for any hazardous substance that is discharged are liable, jointly and severally, without regard to fault, for all cleanup and removal costs and damages, including lost value and reasonable assessment costs, that NJDEP and the Administrator have incurred, and will incur, to assess, mitigate, restore, or replace

any natural resource of this State that has been, or may be, injured as a result of the discharge of hazardous substances at and from the Property. N.J.S.A. 58:10-23.11g.c(1).

## GENERAL ALLEGATIONS

18. The Site is an area of soil and groundwater contaminated with dry cleaning chemicals and/or their breakdown products in portions of three municipalities: Wall Township, Manasquan Borough, and Sea Girt Borough, New Jersey.

19. The Site includes two source areas located about 0.2. miles apart that contributed the same contaminant, tetrachloroethylene (PCE), to the soils, sediments, and groundwater.

20. EPA issued a decision document, dated September 30, 2013, hereafter referred to as the "Record of Decision." The Record of Decision selected a remedial action to address soil, groundwater, and sediment contamination at the Site.

21. EPA partially modified the Record of Decision's selected remedial action through the issuance of a subsequent decision document referred to as the "Explanation of Significant Differences" ("ESD"), which EPA issued on September 25, 2017.

22. The Record of Decision, as modified by the ESD, constitutes the final

remedial action that EPA has selected to address soil, groundwater, and sediment contamination at the Site.

23. The Site is a facility within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

24. There has been a "release" or a "threatened release" of "hazardous substances" into the "environment" at or from the Site, as those terms are defined in Section 101 of CERCLA, 42 U.S.C. § 9601.

25. By undertaking response actions to address the release or threat of release of hazardous substances at the Site, EPA has incurred and will continue to incur "response costs" as defined in Section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

26. The response costs that EPA incurred thus far were incurred in a matter not inconsistent with the National Contingency Plan, promulgated under Section 105 of CERCLA, 42 U.S.C. § 9605, and codified at 40 C.F.R. Part 300.

FIRST CLAIM FOR RELIEF
*Cost Recovery under CERCLA 107*

27. The above paragraphs are re-alleged and incorporated herein by reference.

28. Bank of America is liable under Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned or operated a facility at the Site at the time hazardous substances were disposed of at the facility.

29. Bank of America is liable under Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owns a facility at the Site.

30. Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Bank of America is jointly and severally liable for all Site costs incurred by the United States, including enforcement costs and interest.

SECOND CLAIM FOR RELIEF
*Injunctive Relief Under CERCLA Section 106*

31. The above paragraphs are re-alleged and incorporated herein by reference.

32. EPA has determined that the response actions selected in the Record of Decision, as modified in the ESD, are necessary to abate the danger or threat at or from the Site.

33. Under Section 106(a) of CERCLA, 42 U.S.C. § 9606(a), Bank of America is jointly and severally liable for injunctive relief to abate the danger or threat presented by a release or threatened release of hazardous substances into the environment at or from the Site.

THIRD CLAIM FOR RELIEF
*New Jersey's Cost Recovery under the Spill Act*

34. The above paragraphs are re-alleged and incorporated herein by reference.

35. Except as otherwise provided in N.J.S.A. 58:10-23.11g12, any person

who "has discharged a hazardous substance, or is in any way responsible for any hazardous substance" that is discharged, shall be liable, jointly and severally, without regard to fault, for all cleanup and removal costs no matter by whom incurred.  N.J.S.A. 58:10-23.11g.c.(1).

36. NJDEP has incurred, and may continue to incur, costs as a result of the discharge of hazardous substances at the Site.

37. The costs that NJDEP has incurred and will incur for the Site are "cleanup and removal costs" within the meaning of N.J.S.A. 58:10-23.11b.

38. Bank of America is a "person" within the meaning of N.J.S.A. 58:10-23.11b.

39. Bank of America is a discharger and also a person that is in any way responsible for the discharged hazardous substances, and is liable, jointly and severally, without regard to fault, for all cleanup and removal costs that NJDEP has incurred, and will incur, as a result of the discharge of hazardous substances at the Site.  N.J.S.A. 58:10-23.11g.c.(1).

## FOURTH CLAIM FOR RELIEF
*New Jersey's Claim for Natural Resource Damages*

40. The above paragraphs are re-alleged and incorporated herein by reference.

41. At all times relevant to this action, "natural resources" within the meaning of N.J.S.A. § 58:10-23.11b have been and/or are being injured, destroyed

or lost as a result of the "discharge" of "hazardous substances" at or from the former White Swan Laundry and Cleaners property, within the meaning of N.J.S.A. § 58:10-23.11b.

42. NJDEP is authorized, pursuant to the Spill Act, to assess damages for the injury to, destruction of, or loss of any natural resource under its trusteeship, and pursuant to N.J.S.A. § 58:10-23.11f.a(2)(b) seek recovery of those damages, including lost value and reasonable assessment costs.

43. NJDEP has incurred, and will continue to incur, damages for the injury to, destruction of, or loss of any natural resources under its trusteeship resulting from the release, or threatened release, or hazardous substances at the former White Swan Laundry and Cleaners property.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs respectfully requests that the Court:

a. Enter judgment in favor of Plaintiffs and against Bank of America, jointly and severally, under Section 107(a)(4)(A) of CERCLA, 42 U.S.C. § 9607(a)(4)(A), for unreimbursed response costs incurred by the United States relating to the Site, including enforcement costs and prejudgment interest;

b. Enter an order under Section 106 of CERCLA, 42 U.S.C. § 9606(a), requiring Bank of America to perform the response actions described in the Record of Decision as modified in the ESD;

   c. Enter a declaratory judgment on Bank of America's liability that will be binding in any subsequent action for further response costs, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2);

   d. Order Bank of America to reimburse Plaintiffs NJDEP and the Administrator, jointly and severally, without regard to fault, for all cleanup and removal costs Plaintiffs NJDEP and the Administrator have incurred at the Site, with applicable interest;

   e. Order Bank of America to reimburse NJDEP for all natural resource damages that the State has incurred for the former White Swan Laundry and Cleaners property, with applicable interest.

   f. Enter declaratory judgment against Bank of America, jointly and severally, without regard to fault, for all cleanup and removal costs, as well as all further New Jersey natural resource damages and costs of assessments, to be incurred in the future by Plaintiffs NJDEP and the Administrator in connection with the Site, plus interest, that will be binding on any subsequent action or actions to recovery further responses costs or damages;

   g. Grant such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        *For Plaintiff United States of America*

        TODD KIM
        Assistant Attorney General
        Environment and Natural Resources Division
        U.S. Department of Justice

<u>May 15, 2023</u>        *s/ Patrick B. Bryan*
Dated        PATRICK B. BRYAN
        Senior Attorney
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Ben Franklin Station
        Washington, D.C.  20044-7611
        (202) 616-8299
        patrick.bryan@usdoj.gov

        PHILIP R. SELLINGER
        United States Attorney
        District of New Jersey

        J. ANDREW RUYMANN
        Assistant United States Attorney
        Chief, Civil Division
        U.S. Attorney's Office, District of New Jersey
        402 East State Street, Room 430
        Trenton, New Jersey 08608
        Phone: (609) 989-0563

OF COUNSEL:
DAMARIS C. URDAZ
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 2 - New Jersey Superfund Branch.
290 Broadway
New York, New York 10007-1866

*For Plaintiffs New Jersey Department of Environmental Protection, the Commissioner of the New Jersey Department of Environmental Protection, and the Administrator of the New Jersey Spill Compensation Fund*

MATTHEW J. PLATKIN
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093

<u>May 15, 2023</u>              <u>*s/ Gary W. Wolf II*</u>
Dated                    GARY W. WOLF II
                         Deputy Attorney General

CERTIFICATION UNDER LOCAL CIVIL RULE 11.2

      In accordance with 28 U.S.C. § 1746, I certify that the matter in controversy in the foregoing Complaint is not the subject of any other action pending in any court, or any pending arbitration or administrative proceeding.

                    *s/ Patrick B. Bryan*
                    PATRICK B. BRYAN
                    Senior Attorney
                    Environmental Enforcement Section
                    Environment and Natural Resources Division
                    United States Department of Justice
                    P.O. Box 7611, Ben Franklin Station
                    Washington, DC 20044-7611
                    (202) 616-8299
                    patrick.bryan@usdoj.gov